Not for Publication

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DIALECTIC DISTRIBUTION, LLC,** | Civ. No. 2:18-03388 |
| Plaintiff, | **OPINION** |
| v. | |
| **POWER PLAY MARKETING GROUP, LLC,** | |
| Defendant. | |

**JOHN MICHAEL VAZQUEZ, U.S.D.J.**

This matter comes before the Court on Defendant Power Play Marketing Group, LLC's Motion to Dismiss the Amended Complaint. D.E. 7. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**.

I. **BACKGROUND**[1]

Plaintiff Dialectic Distribution, LLC is a New Jersey company "in the business of selling wholesale electronic products." Am. Compl. ¶ 1, D.E. 4. Defendant Power Play Marketing Group, LLC is a Minnesota company "in the business of purchasing electronic products and re-selling them to the public." *Id.* ¶ 2. Plaintiff purchased 2,500 Nabi Big Tab 20" tablets ("Tablets") for $331,250 from Defendant for resale. *Id.* ¶¶ 3-4, Ex. A. The only terms contained in the invoice memorializing

---

[1] The following facts, taken from the Amended Complaint and documents "integral to or explicitly relied upon in the [Amended C]omplaint," are accepted as true for the purpose of this Opinion. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

1

the sale ("Invoice") are the identity of the parties, date, total due, product description, quantity, rate, that "Net 30" terms apply, and a "PO # Reference" to number "616." *Id.*, Ex. A. Purchase Order #616 ("Purchase Order") contains several additional provisions, including "[m]ust have 1 year warranty directly back to [the manufacturer]. If not PPM must take back any defectives we have trouble returning it."[2]

After Plaintiff purchased and resold the Tablets, many of its customers returned them due to battery and near field communication ("NFC") problems. Am. Compl. ¶¶ 1, 5. Plaintiff alerted Defendant to the problems and sought a refund, but Defendant denied any liability and asserted that Plaintiff should seek recourse from the manufacturer. *Id.* ¶¶ 6-7, Ex. B. The manufacturer, in turn, told Plaintiff that Defendant was liable. *Id.* ¶ 8. Defendant then ignored Plaintiff's renewed requests to accept return of the Tablets and Plaintiff filed this lawsuit. *Id.* ¶ 9-11.

Plaintiff alleges liability for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment, and seeks compensatory damages, attorneys' fees, and interests and costs. Defendant filed the present Motion to Dismiss ("Motion"), D.E. 7, Plaintiff Opposed ("Opposition"), D.E. 8, and Defendant Replied ("Reply"), D.E. 9.

---

[2] While not attached to the Amended Complaint, both parties submitted the Purchase Order in connection with various motion papers. Pl. Opp. Br. Ex. B, D.E. 8-1; Def. Mot. to Dismiss Compl. Ex. D, D.E. 3-6. The Court considers the Purchase Order integral to the Amended Complaint because it forms the contract underlying this entire dispute. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426. Further, because "the primary problem raised by looking to documents outside the complaint [is] lack of notice to the plaintiff," and both parties relied on the Purchase Order in their papers, the notice problem "is dissipated" and the Court will consider the Purchase Order. *See id.* Nevertheless, if Plaintiff intends to rely on such information in its pleading, the better practice would be to reference it in the complaint and attach a copy to the pleading.

## II.     DISCUSSION

### A.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). "[A]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). But the court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### B.     Count I – Breach of Contract

Defendant argues the breach of contract claim should be dismissed because the Amended Complaint contains no allegation that it "violated any actual provision of any actual contract between the parties." Mot. at 4. Plaintiff counters that the facts alleged "establish that Defendant offered certain electronics, valued at certain amounts, but that the Plaintiff did not receive what was offered – instead, Plaintiff received defective electronics of lower value than advertised." Opp. at 7. Plaintiff also relies on the Purchase Order's terms in asserting "[i]t is clear that the parties contemplated a

return of defective products . . . and that Defendant has refused to abide by this agreement." Opp. at 8.

Breach of contract consists of four elements: (1) the parties entered into a contract; (2) the plaintiff performed under the contract; (3) the defendant breached the contract; and (4) the breach caused an alleged loss. *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016) (quoting *Model Jury Charge (Civil)*, § 4.10A "The Contract Claim–Generally" (1998)). As to the third element, to provide the required notice to a defendant, a complaint must allege *which* provision of a contract the defendant breached, and *how* the defendant breached it. *See GKE Enterprises, LLC v. Ford Motor Credit Co. LLC USA*, No. 09-cv-4656(JLL), 2010 WL 2179094, at *3 (D.N.J. May 26, 2010).

Here, Plaintiff failed to adequately plead the third element—that Defendant breached the contract. Plaintiff alleges a breach due to Defendant delivering defective products and refusing to accept return. Am. Compl. ¶ 12.1.[3] But Plaintiff never alleges *which* contractual provision was violated. *See GKE Enterprises, LLC*, 2010 WL 2179094, at *3 (requiring plaintiff to specify the contractual term defendant breached); *see generally* Am. Compl. ¶¶ 3-14.1. While delivering defective products may constitute a breach of various implied warranties (e.g., merchantability or fitness for ordinary use or for a particular purpose), Plaintiff does not allege such a breach.

Plaintiff's counterarguments are unpersuasive. Plaintiff fails to sufficiently articulate how the Tablets were of "lower value than advertised." Opp. at 7. More importantly, this allegation is not in the Amended Complaint, and Plaintiff may not amend its pleading through its briefing. Further, as to the *argument* that the parties "contemplated a return of defective products," Opp. at 7, the Purchase Order required Defendant to accept return of defective Tablets only absent a "1 year warranty directly

---

[3] Plaintiff includes two sets of paragraphs numbered 12-15 in its Amended Complaint. These paragraphs will be differentiated with ".1" or ".2."

4

back to [the manufacturer]," Purchase Order. Count One contains no allegation that Defendant failed to secure the warranty, *see* Am. Compl. ¶¶ 3-14.1.[4] Therefore, Defendant's motion is granted as to Count I, and Plaintiff's breach of contract claim is **DISMISSED**.

### C. Count II – Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiff asserts liability for violating the covenant of good faith and fair dealing due to Defendant's refusal "to recompense the Plaintiff for the defective" Tablets. Opp. at 10. Defendant argues that the claim should be dismissed because (1) it is based on the same allegations as the breach of contract claim; and (2) there is no allegation of bad motive or intent by Defendant. Mot. at 11.

"Every party to a contract . . . is bound by a duty of good faith and fair dealing in both the performance and enforcement of the contract." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 864 A.2d 387, 395 (N.J. 2005). "Although the implied covenant of good faith and fair dealing cannot override an express term in a contract, a party's performance under a contract may breach that implied covenant even though that performance does not violate a pertinent express term." *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1126 (N.J. 2001). "As a general rule, subterfuges and evasions in the performance of a contract violate the covenant . . . even though the

---

[4] In Count *Three*, Plaintiff alleges the following:

> 17. Prior to executing the contract, Defendant represented to the Plaintiff that the products sold to Plaintiff were new and free of defects. Defendant also represented to Plaintiff that Defendant's products had a one year warranty with the manufacturer.
>
> 18. These representations were false and Defendant knew them to be false.

Even assuming "[t]hese representations" refer to both sentences of paragraph 17, Plaintiff fails to incorporate paragraphs 17-18 into Counts One and Two, and the Court declines to do so *sua sponte*. *See* FRCP 8(c) ("A statement in a pleading *may* be adopted by reference elsewhere in the same pleading." (emphasis added)); *see generally* Amend. Compl. ¶¶ 3-15.2. The fact that paragraphs 17-18 are only part of Plaintiff's unjust enrichment claim, which is factually distinct from the breach of contract claim, undergirds the Court's decision. *See Royale Luau Resort, LLC v. Kennedy Funding, Inc.*, No.. 07-1342 HAA, 2008 WL 482327, at *10 (D.N.J. Feb. 19, 2008) (dismissing unjust enrichment claim because conduct covered by express contract).

5

actor believes his conduct to be justified." *Brunswick Hills Racquet Club, Inc.*, 864 A.2d at 396 (brackets and citations omitted) (finding violation where landlord evaded tenant's attempt to schedule closing on an option landlord knew tenant intended to exercise). "However, bad motive or intention is essential, and an allegation of bad faith or unfair dealing should not be permitted to be advanced in the abstract and absent improper motive." *Elliott & Frantz, Inc. v. Ingersoll-Rand Co.*, 457 F.3d 312, 329 (3d Cir. 2006) (citations omitted).

Here, Plaintiff failed to adequately plead facts from which a bad motive or intent can be inferred, and thus the claim is dismissed. While Plaintiff does allege Defendant "ignored th[eir] request and refused to respond," Am. Compl. ¶ 11, and "subterfuges and evasions in the performance of a contract violate the covenant," *Brunswick*, 864 A.2d at 396, the circumstances here are materially distinct from those in *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Center Association*. In *Brunswick Hills*, a tenant notified its landlord of its intent to exercise a lease option nineteen months before the option's deadline, but mistakenly believed payment was not due until closing. *Id.* at 398. While execution of the option remained unperfected, the landlord "engaged in a pattern of evasion, sidestepping every request by plaintiff to discuss the option and ignoring plaintiff's repeated . . . entreaties to move forward on closing." *Id.* Thus, the landlord had the requisite bad intent because it "lulled plaintiff into believing it had exercised the lease option properly" before refusing to honor it. *Id.* at 399. Here, Plaintiff makes no allegation of similar, bad-faith conduct. For example, Plaintiff does not plead facts indicating that Defendant knew that the Tablets were defective before Defendant delivered them to Plaintiff. As a result, Defendant's motion is also granted as to Count II, and this claim is **DISMISSED**.[5]

---

[5] Defendant also argues that the claim should be dismissed because it is duplicative of the breach of contract claim. *See* Mot. at 11. While this may ultimately doom the claim, the Court would not dismiss on this basis at this early stage of the litigation, as alternative statements of a claim are

**D. Count III – Unjust Enrichment**

Plaintiff alleges unjust enrichment liability based on Defendant's representations that the Tablets were new, free of defects, and included a warranty with the manufacturer, despite knowing those representations were false. Am. Compl. ¶¶ 17-19. Defendant is purportedly liable because it "failed to honor the Contract by failing to provide a return of the monies for the defective products." *Id.* ¶ 20. Defendant argues that the unjust enrichment claim should be dismissed because the sale was covered by an express contract. Mot. at 9.

Under New Jersey law, "where there is an express contract covering the identical subject matter of the claim, plaintiff[s] cannot pursue a quasi-contractual claim for unjust enrichment." *Royale Luau Resort, LLC*, 2008 WL 482327, at *10 (brackets and citations omitted). However, plaintiffs may plead mutually-exclusive, alternative theories of liability. FRCP 8(d)(3).

Nevertheless, Plaintiff's unjust enrichment claim fails the facial plausibility standard because it expressly relies on a contract. Plaintiff incorporates paragraphs 1-15 of the Amended Complaint into Count III. Am. Compl. ¶ 16.[6] Within paragraphs 1-15.2, Plaintiff pleads the existence of an express contract covering the identical subject matter of the claim. *See id.* ¶ 3 ("Plaintiff Dialectics entered into a contract with Defendant"), 12.1 (asserting refusal to accept return "constitutes a material and substantial breach of the parties' agreement"); *see also* Purchase Order. Even ignoring the incorporated paragraphs, Count Three alleges "Defendant has failed to honor *the Contract* by failing to provide a return of the monies." Am. Compl. ¶ 20 (emphasis added). As Plaintiff explicitly alleged Defendant's liability-creating conduct breached an express contract, *id.* ¶¶ 3, 12.1, 20, and unjust enrichment claims may only be advanced absent "an express contract covering the identical

---

permitted pursuant to Federal Rule of Civil Procedure 8(d)(3).

[6] It is unclear which paragraph 15 the Amended Complaint refers to here, but it is immaterial whether Count III includes paragraphs 12.2-15.2.

7

subject matter of the claim," *Royale Luau Resort, LLC*, 2008 WL 482327, at *10, Defendant's motion is granted on these grounds. According, Plaintiff's unjust enrichment claim is **DISMISSED**.

E. **Attorneys' Fees, Interest, and Costs**

Defendant moves to strike Plaintiff's prayers for relief in the form of attorneys' fees, interest, and costs because such relief is "unsupported by law." Mot. at 12. Plaintiff counters that it "is too premature" to decide the issue. Opp. at 13.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

> The purpose of a motion to strike is to simplify the pleadings and save time and expense by excising from a plaintiff's complaint any redundant, immaterial, impertinent, or scandalous matter which will not have any possible bearing on the outcome of the litigation. Because of the drastic nature of the remedy, however, motions to strike are usually viewed with disfavor and will generally be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.

*Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (citations omitted).

Here, Defendant failed to explain how Plaintiff's prayer for attorneys' fees, interest, and costs would cause any prejudice or confuse the issues. *See id.*; Mot. at 12-13; Reply at 8-10. The Court will not award such damages absent evidence that Plaintiff is entitled to such relief. Therefore, Defendant's Motion to Strike is **DENIED**.

F. **Prejudice**

Defendant moved to dismiss with prejudice. Mot. at 14. While Plaintiff did not request leave to amend, even when a party does not seek leave, district courts should expressly state whether a party may replead. *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). The decision is within the Court's discretion. *Id.* at 115. Denial is warranted in cases of "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

None of the conditions warranting dismissal with prejudice are present here. There is no evidence of undue delay, bad faith, or dilatory motive. *See Shane*, 213 F.3d at 116. Plaintiff has only amended its complaint once pursuant to Rule 15(a)(1)(B), *see* D.E. 4, and thus this Opinion is the first judicial scrutiny of the allegations. Regarding futility, Plaintiff could remedy the deficiencies identified above by (1) alleging Defendant failed to secure a warranty with the Tablet manufacturer in Counts One and Two, thus triggering the Purchase Order's return provision and rendering Defendant's refusal to respond to Plaintiff's demands a potential bad-faith act; (2) alleging liability based on applicable implied warranties; and (3) excluding fatal allegations of an existing contract in its unjust enrichment claim. Therefore, the Motion is **DENIED** with respect to Defendant's request to dismiss with prejudice.

### III. CONCLUSION

For the reasons set forth above, Defendant Power Play Marketing Group LLC's Motion to Dismiss the Amended Complaint is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**. An appropriate order follows.

**Dated: December 28, 2018**　　　　　　　　　　　　　　　**  s/ John Michael Vazquez　　　　**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**John Michael Vazquez, U.S.D.J.**